UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO:

RINA RODRIGUEZ,

    Plaintiff,
v.

THE HOME DEPOT U.S.A., INC.,
d.b.a. THE HOME DEPOT,

    Defendant.
_____/

**THE HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL**

Defendant, THE HOME DEPOT U.S.A., INC., ("Home Depot"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Rule 81(c) of the Federal Rules of Civil Procedure, hereby removes to this Honorable Court the action filed in the 17th Judicial Circuit in and for Broward County, Florida, Case No. CACE-21-014049 with full reservation of rights, exceptions, and defenses, and states in support thereof:

### I.    BACKGROUND

1.    On or about July 2, 2021, Rina Rodriguez, ("Plaintiff"), commenced the instant action by filing a Complaint in the 17th Judicial Circuit Court in and for Broward County, Florida. *See* Complaint attached as **Exhibit "A."**

2.    The Complaint was served on Home Depot on July 15, 2021. *See* Summons attached as **Exhibit "B."**

3. Plaintiff asserts generally that Home Depot maintained its premises in a negligent manner, resulting in Plaintiff's alleged incident. *See* **Ex. "A."**

4. The Complaint also generally alleges that this is an action for damages exceeding $30,000.00. *Id.* at ¶ 1.

5. On April 8, 2021, Plaintiff provided her Demand with medical bills and records related to treatment Plaintiff received related to the subject incident. Plaintiff's demand totaled $246,547.00, <u>over three times the amount in controversy requirement.</u> See Plaintiff's Demand Letter attached as **Ex. "C"**[1].

6. This matter is removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00, based on Plaintiff's demand to settle the case, exclusive of interest, attorney's fees, and costs.

7. Home Depot attaches hereto, and makes a part of this notice, a copy of the process, pleadings, and other papers filed in the 17th Judicial Circuit Court in and for Broward County, Florida together with a docket sheet from the Clerk of the Court. *See* State Court Filings attached as **Exhibit "D."**

8. Home Depot reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

9. In accordance with 28 U.S.C. § 1446(b)(3), Home Depot files this Notice of Removal within thirty (30) days of the date that the matter became removable (the

---

[1] The medical records referenced within the demand are not attached to this Motion to prevent any sensitive medical information from entering the public domain. These records will be made available to the Court upon request.

date of service of the Complaint on Home Depot was July 15, 2021, less than 30 days from the date the instant Notice of Removal was filed).

10. Venue exists in the United States District Court for the Southern District of Florida, Fort Lauderdale Division, because the 17th Judicial Circuit Court in and for Broward County, Florida (where the state court case is venued) is located within the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

### III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

11. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

### A. Citizenship of HOME DEPOT U.S.A., INC.

12. Home Depot U.S.A., Inc. is a foreign corporation which is, and was at the time the above captioned case was filed in State Court, a "citizen" of Georgia and Delaware.

13. Home Depot U.S.A., Inc. is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware. See Delaware Division of Corporations Detail by Entity Name attached as **Exhibit "E."**

14. Home Depot U.S.A., Inc., at the time the Complaint was filed and currently, is a corporation that lawfully does business in numerous states but was not, and is not, incorporated in any state other than the State of Delaware.

3

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 ·  FACSIMILE: 305-379-3690

15. The principal place of business for Home Depot U.S.A., Inc. is, and was at the time of filing the Complaint, Atlanta, Georgia.

16. At no time material has Home Depot U.S.A., Inc., been a citizen of Florida. *See* Florida Department of State, Division of Corporations, Detail by Entity Name attached as **Exhibit "F."**

**B.  Citizenship of the Plaintiff, Rina Rodriguez**

17. Plaintiff, Rina Rodriguez, was at all times material to this action a resident of Broward County, Florida. Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

18. Here, Plaintiff alleges she is a resident of Broward County, Florida. *See* Ex. "A" at ¶ 2. Plaintiff's Broward County, Florida residence is prima facie evidence of her domicile, which is equivalent to citizenship for purposes of establishing diversity. *See Katz,* 2009 WL 1532129 at *3.

19. <u>Further</u>, Home Depo submits the Declaration of Helene Baum, who performed a comprehensive background search on the Plaintiff.  Based on the information contained within the declaration as to the length of Plaintiff's residence in the state of Florida (specifically, Broward County), Plaintiff's Florida Driver's License, Plaintiff's Florida vehicle registration, Plaintiff's Florida voter's registration, amongst other factors contained

therein, supports Home Depot's assertion that Plaintiff, in fact, *does intend to remain in the state of Florida.* The executed Declaration of Helene Baum is attached as **Ex. "G."**

20. Based on the Declaration of Ms. Baum, It is evident that Plaintiff intends to remain in Florida as:

- The Plaintiff's residential history reflects that she has resided in Broward County, Florida since 1997. *Id.*

- The Plaintiff possesses a current Florida Driver's License, and has vehicles with Florida Tag Numbers registered to her residence under her name. *Id.*

- The Plaintiff has been an active registered Florida voter since 2006. *Id.*

- The Plaintiff does not own any real estate properties in the State of Delaware or Georgia. More specifically, the Plaintiff has never had any contacts, through residence history, property records search, driver's license history, or voter records search in either the states of Delaware or Georgia. *Id.*

21. For purposes of diversity jurisdiction, the citizenship of an individual is determined by domicile, which is established by residence plus intent to remain there indefinitely. *Miss. Bank of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *Travaglio v. Am. Exp. Co.*, 735 F3d 1266,

5

1268 (11th Cir. 2013) ("Citizenship is the equivalent of domicile for the purposes of determining diversity"). A person's domicile is the place of her true fixed, and permanent home and principal establishment, and to which she has intention of returning whenever he is absent therefrom. *Gabriel v. G2 Secure Staff, LLC,* 225 F. Supp. 3d 1370, 2016 U.S. Dist. LEXIS 181113 AT *2 (S.D. Fla. 2016).

22. In determining domicile, a court should consider both positive evidence and presumptions. *See Jones v. Law Firm of Hill and Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla 2001). One presumption is that the state in which a person resides at any given time is also that person's domicile. *Id.* Factors frequently taken into account when assessing the domicile of a party include: the party's current residence, payment of taxes, voter registration and voting practices; driver's license and automobile registration; situs of personal and real property; location of brokerage and bank accounts; membership in clubs, churches, fraternal organizations and other associations. *See Taylor v. Anz Heritage Church Fin. Inc.*, No. 10-cv-559-Orl-31GJK, 2010 U.S. Dist. LEXIS 83351, at *2 (M.D. Fla July 19, 2010). Federal courts have held that "[t]he objective facts bearing on an individual's entire course of conduct determine domicile for diversity jurisdiction purposes." *Jones*, 141 F. Supp. 2d at 1355. (internal quotation marks omitted). No single factor is conclusive; instead, the Court looks to the "totality of evidence." Id.

6

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

23. In this matter, Plaintiff has resided in the state of Florida since at least 1997. *See* Dec. of Helene Marlowe attached as **Ex. "G."** The Plaintiff's residential history reflects that she has resided Broward County since 1997. *Id.* Further, the Plaintiff currently owns a vehicle, which has an active Florida Registration and is registered to the Plaintiff and to her current address in Davie, Florida. *Id.* More importantly, the Plaintiff has never had any contacts, through residence history, property records search, driver's license history, or voter records search in either the states of Delaware or Georgia. *Id.*

24. Based on the above, the totality of the circumstances surrounding Plaintiff's domicile in the state of Florida clearly demonstrate her intent to remain in the state. *See Taylor,* 2010 U.S. Dist. LEXIS 83351, at *2. As such, Home Depot respectfully submits that by providing the sworn statement of an investigator it has met its burden of proof of demonstrating Plaintiff's citizenship in the state of Florida.

### IV.   AMOUNT IN CONTROVERSY

25. The amount in controversy in this lawsuit clearly exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $30,000.00 jurisdictional minimum, it is clear from Plaintiff's demand that the Plaintiff's claimed damages exceed the jurisdictional minimum in this Court of $75,000.00 <u>as Plaintiff has valued the case at over $240,000 and has demanded $246,547.00 to settle the case, over three times the jurisdictional limit</u>. See **Exhibit "C"**; *Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009)

7

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 ·  FACSIMILE: 305-379-3690

(concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on the medical records received from the plaintiff); *see also Alshakanbeh v. Food Lion, LLC,* No. 3:06-cv-1094-J-12HTS, 2007 U.S. Dist. LEXIS 20746 at **7-8 (M.D. Fla. March 23, 2007) (Used past and future medical costs to determine the amount in controversy exceeded $75,000.00); *Mirras v. Time Insurance Co.,* 578 F.Supp.2d 1351 (M.D. Fla. 2008) (Considered past medical expenses to determine the amount in controversy).

26. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz*, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." Id (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

27. Plaintiff's demand sufficiently and conclusively establishes by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. For example, in *Katz v. J.C. Penney Corp.*, this Court concluded that the removing defendant properly established the amount in controversy by addressing information received from Plaintiff's demand package. *Katz,* 2009 WL 1532129 at 4.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

28. Accordingly, Home Depot has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## V. CONCLUSION

Because the parties are citizens of different states, and because the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) dollars exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Upon filing of this Notice of Removal, Home Depot will promptly give written notice to Plaintiff and to the Clerk of the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida.

WHEREFORE, Defendant, HOME DEPOT U.S.A, INC., respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, case number Case No.: CACE-21-014049 be removed to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Home Depot is entitled.

Dated: August 13, 2021

[SIGNATURE ON THE NEXT PAGE]

Respectfully submitted,

*/s/Jennifer Miller Brooks*
Jennifer Miller, Esq.
Florida Bar No.: 124656
jmiller@hamiltonmillerlaw.com
Francesco DeMeo
Florida Bar No. 0092345
fdemeo@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
*Attorneys for Defendant*
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone:   (305) 379-3686
Facsimile:   (305) 379-3690

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 13, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/EFC. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are authorized to receive electronically Notices of Electronic Filing.

*/s/ Jennifer Miller  Brooks*
Jennifer Miller

## SERVICE LIST

SCHOEPP LAW, P.A.
Counsel for Plaintiff
1221 Brickell Avenue, Suite 900
Miami, Florida 33131
Phone: (305) 347-5120
Fax: (305) 347-5120
By: /s/ Christian F. Schoepp
CHRISTIAN F. SCHOEPP
Florida Bar No. 1022434